IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00666-BNB

CORNELIUS T. WILLIAMS,

    Plaintiff,

v.

RICK RAEMISCH,
JOHN SUTHERS, and
JAMES FALK,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Mr. Williams is in the custody of the Colorado Department of Corrections (CDOC) at the Sterling Correctional Facility in Sterling, Colorado. He has filed *pro se* a Prisoner Complaint (ECF No. 4) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Williams will be ordered to file an amended prisoner complaint.

    **A. Rule 8 of the Federal Rules of Civil Procedure**

    The amended complaint that Mr. Williams will be directed to file must comply with

the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Williams fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  To state a claim in federal court, the "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, Mr. Williams must allege the specific acts of each Defendant that allegedly violated his constitutional rights.

Mr. Williams must present his claims in a manageable and readable format that

allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It is not the Court's nor defendant's responsibility to piece together Plaintiff's allegations with what he appears to believe are factual assertions buried in the attached documents.

**B. Personal Participation**

The Complaint also is deficient because Mr. Williams fails to allege the personal participation of each named Defendant in a violation of his constitutional rights. Plaintiff does not allege any facts in the text of the Complaint to show how Defendants Raemisch, Suthers, and Falk were involved in the alleged constitutional deprivations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisory defendants such as Rick Raemisch

and James Falk may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)..

## C.  Plaintiff's Claims

The allegations in the Complaint are disjointed and difficult to discern. Mr. Williams also attaches nearly forty pages of documents, apparently to support his claims. In the Complaint, Mr. Williams alleges that he was expelled from a program at the San Carlos Correctional Facility and that he was placed on restrictive privileges when he was transferred to the Sterling Correctional Facility (ECF No. 4, at 5). Plaintiff also alleges that on or around November 20, 2012, he was attacked by another prisoner (*Id.,* at 6). Finally, Plaintiff alleges that he has been denied adequate medical care and attention (*Id.,* at 7). Mr. Williams claims that Defendants have violated his rights under the Fifth, Eighth, and Fourteenth Amendments. He seeks injunctive and monetary relief.

The first claim alleges a violation of the due process clause of the Fourteenth Amendment because Mr. Williams was expelled from the treatment program at San Carlos Correctional Facility; transferred to Sterling Correctional Facility; and placed on "non-compliance status," which resulted in the loss of accumulating earned time credits. The Fourteenth Amendment Due Process Clause protects against governmental deprivations of life, liberty, or property. *See Wilkinson v. Austin,* 545 U.S. 209, 221

4

(2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. State policies or regulations, however, may create a liberty interest if they "'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* at 221-23 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *see also Estate of DiMarco v. Wyo. Dep't of Corrs., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007). Generally, placement on restricted privileges, however, does not implicate a liberty interest that arises under the Constitution because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976); *Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir. 1994). Moreover, Colorado law has not created a constitutionally-protected liberty interest in earning good time credits. *See Fogle v. Pierson,* 435 F.3d 1252, 1262 (10th Cir. 2006).

The second claim alleges failure to protect in violation of the Eighth Amendment. To succeed on a failure to protect claim, a plaintiff must demonstrate that objectively, he is incarcerated under conditions that pose a substantial risk of serious harm, and that subjectively, prison officials were deliberately indifferent to his safety. *See, e.g., Smith v. Cummings,* 445 F.3d 1254, 1258 (10th Cir.2006). "Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context." *Id.* (quoting *Verdicia v. Adams,* 327 F.3d 1171, 1175 (10th Cir.2003)). Thus, "the official must 'both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference.' " *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir.1996).

The third claim alleges a violation of the Fifth, Eighth, and Fourteenth Amendment because CDOC staff allegedly denied Plaintiff adequate medical care.  The Eighth Amendment is violated by a prison official's deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Estelle v. Gamble,* 429 U.S. 97, 104-06 (1976).  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.

As to each claim, Mr. Williams fails to allege the requisite personal participation of the named Defendants.  In the amended prisoner complaint, Mr. Williams must allege specific facts to show how each named Defendant violated his constitutional rights.  In addition, the Court will not consider any claims raised in separate lawsuits, complaints, attachments, amendments, supplements, motions, addenda, or other documents not included in the amended Prisoner Complaint Mr. Williams is directed to file. Accordingly, it is

ORDERED that Plaintiff, Cornelius T. Williams, file **within thirty (30) days from the date of this order,** an amended Prisoner Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

      FURTHER ORDERED that, if Mr. Williams fails to file an amended prisoner complaint that complies with this order within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.

      DATED April 17, 2014, at Denver, Colorado.

                             BY THE COURT:

                             s/ Boyd N. Boland
                             United States Magistrate Judge