IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00666-BNB

CORNELIUS T. WILLIAMS,

    Plaintiff,

v.

JANE DOE(S) ET. AL., Clinical Services (2002 - 2007),
JAMES D. BLOOR, Physician et. al.,
DR. JOHN DOE #1,
MR. PETERSON, Physician Assistant,
DR. PATTERSON, Orthopedist Surgeon, Clinical Services,
DR. JOHN DOE #2,
DR. HESS, Orthopedist Surgeon,
DOE(S) JANE, Clinical Services,
DOE(S) JANE, Inmate Benefit Assistance Coordinator,
DOE(S) JANE, Health Care Policy and Financing,
DOE(S) JANE, ADA Coordinator,
SHELLY MCGAUGHY, Case Manager,
MRS. CHRISTNER, P.A., and
DR. MCGARY, (D.R.D.C.), Clinical Services,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Cornelius T. Williams, is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Williams initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On April 17, 2014, the Court reviewed the allegations of the Complaint and determined that they were deficient because the Complaint failed to comply with Fed. R.

Civ. P. 8 and did not allege the personal participation of each named Defendant in an arguable deprivation of Plaintiff's constitutional rights. The Court thus ordered Mr. Williams to file an amended complaint, on the court-approved Prisoner Complaint form. On June 6, 2014, Plaintiff filed an Amended Complaint, which dismissed several substantive claims, dismissed the Defendants named in the original Complaint, and named additional Defendants.

On June 12, 2014, the Court reviewed the Amended Complaint and directed Mr. Williams to respond and show cause why the claims against the Group 1 Defendants (Jane Doe(s) Et. Al., James D. Bloor, Dr. John Doe #1, Mr. Peterson, Dr. Patterson, Dr. John Doe #2, Dr. Hess, and Dr. McGary) should not be dismissed as time-barred. Mr. Williams has not submitted any response to the June 12 Order to Show Cause.

Upon review of the Amended Complaint, the Court finds that the allegations against the Group 2 Defendants (Doe(s) Jane Clinical Services, Doe(s) Jane Inmate Benefit, Doe(s) Jane Health Care Policy and Financing, Doe(s) Jane ADA Coordinator, Shelly McGaughy, and Mrs. Christner) also are deficient. For the reasons discussed below, Mr. Williams will be ordered to file a second amended prisoner complaint that clarifies the allegations against the Group 2 Defendants.

In the Amended Complaint, the sole allegation against Defendants Doe(s) Jane Clinical Services, Doe(s) Jane Inmate Benefit, Doe(s) Jane Health Care Policy and Financing, and Doe(s) Jane ADA Coordinator is that these defendants violated his right by the "totality of the condition." (ECF No. 13 at 8). Moreover, the only allegation against Defendant Shelly McGaughy is that she "deliberately failed to take responsibility to give me the correct procedure to go about how to handle the situation with the

grievance procedure, leaving me to tolerate an excruciating amount of pain, caused by the obvious, of being without my orthopedic shoe for an additional 10 month." (*Id.* at 7). Finally, the sole allegation against Defendant Mrs. Christner is that Mr. Williams has been under her care while incarcerated at the Sterling Correctional Facility. (*Id.*).  None of these allegations satisfy the pleading requirements of Fed. R. Civ. P. 8 or establish the required personal participation of each named Defendant in a violation of Plaintiff's constitutional rights.  The Court, however, will give Mr. Williams one more opportunity to file a pleading that complies with the Court's orders and Rule 8.

Mr. Williams is again reminded that Rule 8(a) mandates that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992)

Moreover, in order for Mr. Williams to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d

1158, 1163 (10th Cir. 2007).

Finally, Mr. Williams must allege specific facts demonstrating the personal participation of each named Defendant in a violation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisory defendants may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Accordingly, it is

ORDERED that Plaintiff, Cornelius T. Williams, file **within thirty (30) days from the date of this order,** a second amended complaint, on the court-approved Prisoner Complaint form, that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Williams fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss all or part of this action without further notice.

DATED at Denver, Colorado, this 21st day of July, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge